IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-HC-2215-D

| | |
|---|---|
| MICHAEL E. LEWIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SUPERINTENDENT HOWELL, ) | |
| ) | |
| Respondent. ) | |

On November 21, 2024, Michael E. Lewis ("Lewis" or "petitioner"), proceeding pro se, filed a writ of habeas corpus under 28 U.S.C. § 2254 [D.E. 1]. On February 6, 2025, the court reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and directed the clerk to serve respondent with the petition [D.E. 8].

On April 17, 2025, respondent answered the petition [D.E. 16], moved for summary judgment [D.E. 17], and filed documents in support [D.E. 18, 19, 20]. The same day, the court notified Lewis about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 21]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On May 8, 2025, Lewis responded in opposition [D.E. 22, 23]. As explained below, the court grants respondent's motion for summary judgment.

I.

On January 23, 2023, Lewis pleaded guilty with a plea agreement in Greene County Superior Court to aggravated level 1 impaired driving. See Resp't Statement of Material Facts ("RSMF") [D.E. 18] ¶¶ 1–2; cf. Pet'r Statement of Material Facts ("PSMF") [D.E. 23] ¶¶ A–B.

The court sentenced Lewis to 36 months' imprisonment and ordered his confinement in the North Carolina Statewide Misdemeanant Confinement Program ("SMCP").[1] See RSMF ¶ 3; PSMF ¶ C. Lewis's plea agreement did not include any provision concerning the SMCP; however, Lewis understood "that in order to get the plea deal, he would have to serve the 36 month sentence in the SMCP." PSMF ¶ B; cf. RSMF ¶ 2.

On January 23, 2023, the state petitioned for Lewis's transfer to a state prison. See RSMF ¶ 4; cf. PSMF ¶ D. The transfer petition cited Lewis's "need[] to be protected from other inmates," which Lewis contends "is a lie." Compare RSMF ¶ 4, with PSMF ¶ D, and [D.E. 22] 3, and [D.E. 22-1] 2. Lewis did not receive a hearing on the transfer petition. See [D.E. 22] 5. On January 25, 2023, the state court granted the transfer petition, and Greene completed the remainder of his sentence in state prisons until his return to parole on September 24, 2025. See RSMF ¶ 5; PSMF ¶ E; [D.E. 1-2]; [D.E. 24]; N.C. Inmate Search, https://www.ncinmatesearch.org/ (select "NC DPS Inmate Search" then search by inmate number 0616068) (last visited Nov. 17, 2025).

I.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment initially must demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleadings, see

---

[1] The SMCP "designates to counties the responsibility for housing certain inmates in local facilities, with available space coordinated by the North Carolina Sheriff's Association, but also allows for transfer to the Department of Adult Corrections." Freeman v. Kim, No. 1:25-CV-237, 2025 WL 1317374, at *2 n.2 (M.D.N.C. Apr. 8, 2025) (unpublished), report and recommendation adopted, 2025 WL 1312073 (M.D.N.C. May 6, 2025) (unpublished).

2

Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. See Anderson, 477 U.S. at 248–49. In doing so, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. See Scott v. Harris, 550 U.S. 372, 378 (2007).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, authorizes federal courts to "entertain an application for a writ of habeas corpus" for a convicted state prisoner on the ground that his custody violates "the Constitution or laws" of the United States. 28 U.S.C. § 2254(a). Where a state court has adjudicated the merits of such a claim in the state court proceeding, the AEDPA "erects a formidable barrier to federal habeas relief." Burt v. Titlow, 571 U.S. 12, 19 (2013).

Under AEDPA, there are two paths to federal habeas relief in cases where a state court adjudicated a claim on its merits. See 28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 98 (2011). First, a federal court may grant federal habeas relief if the state court decision "was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Second, a federal court may grant federal habeas relief if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." Id. § 2254(d)(2); see, e.g., Shoop v. Twyford, 596 U.S. 811, 819 (2022); Mays v. Hines, 592 U.S. 385, 391–93 (2021) (per curiam); Shinn v. Kayer, 592 U.S. 111, 118–24 (2020) (per curiam); Madison v. Alabama, 586 U.S. 265, 272 (2019); Shoop v. Hill, 586 U.S. 45, 52 (2019) (per curiam); Sexton v. Beaudreaux, 585 U.S. 961, 964–65 (2018) (per curiam); Kernan v. Cuero, 583 U.S. 1, 8 (2017)

3

(per curiam); Virginia v. LeBlanc, 582 U.S. 91, 91–92, 96 (2017) (per curiam); Kernan v. Hinojosa, 578 U.S. 412, 413 (2016) (per curiam); Woods v. Etherton, 578 U.S. 113, 116–17 (2016) (per curiam); White v. Wheeler, 577 U.S. 73, 76–77 (2015) (per curiam); Davis v. Ayala, 576 U.S. 257, 268–69 (2015); Woods v. Donald, 575 U.S. 312, 315–16 (2015) (per curiam); Glebe v. Frost, 574 U.S. 21, 23 (2014) (per curiam); Lopez v. Smith, 574 U.S. 1, 2 (2014) (per curiam); Marshall v. Rodgers, 569 U.S. 58, 61–64 (2013) (per curiam); Crockett v. Clarke, 35 F.4th 231, 241 (4th Cir. 2022), cert. denied, 143 S. Ct. 330 (2022); Valentino v. Clarke, 972 F.3d 560, 574–76 (4th Cir. 2020).

A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at" an opposite result. Williams v. Taylor, 529 U.S. 362, 405 (2000) (quotation omitted); see, e.g., Cuero, 538 U.S. at 8. A state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Williams, 529 U.S. at 407. A state court decision also "involves an unreasonable application of [Supreme Court] precedent if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id.; see LeBlanc, 582 U.S. at 93–94; White v. Woodall, 572 U.S. 415, 419–27 (2014); Nevada v. Jackson, 569 U.S. 505, 508–12 (2013) (per curiam); Metrish v. Lancaster, 569 U.S. 351, 357–68 (2013); Parker v. Matthews, 567 U.S. 37, 40–45 (2012) (per curiam); Bobby v. Dixon, 565 U.S. 23, 26–33 (2011) (per curiam); Renico v. Lett, 559 U.S. 766, 773–79 (2010); Crockett, 35 F.4th at 241.

4

Section 2254(d) "does not require that a state court cite to federal law in order for a federal court to determine whether the state court decision is an objectively reasonable one." Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000) (en banc). Section 2254(d) also does not require a federal court to "offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings." Id. Moreover, a state court's factual determination is presumed correct unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Burt, 571 U.S. at 18; Sharpe v. Bell, 593 F.3d 372, 378–79 (4th Cir. 2010).

Congress intended AEDPA's standard to be difficult to meet. See Mays, 592 U.S. at 391–93; Shinn, 592 U.S. at 121–23; Sexton, 585 U.S. at 965; LeBlanc, 582 U.S. at 93–94; White, 572 U.S. at 419; Harrington, 562 U.S. at 102. "Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington, 562 U.S. at 103. To prevail in an action brought under section 2254(d), a petitioner must show that "there was no reasonable basis for the state court to deny relief." Id. at 98; see DeCastro v. Branker, 642 F.3d 442, 449 (4th Cir. 2011). "In other words, a litigant must show that the state court's ruling was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." LeBlanc, 582 U.S. at 94 (quotation omitted); see Mays, 592 U.S. at 391; Harrington, 562 U.S. at 102.

A.

In his habeas petition, Lewis asserts that his "transfer[] from the SMCP . . . caused [his] plea agreement to become void." [D.E. 1] 5; see [D.E. 22] 1, 5–6. Respondent argues that this

claim "is not cognizable on federal habeas review because it does not plausibly allege a violation of the United States Constitution or federal law." [D.E. 20] 6.

The Supreme Court has emphasized that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67–68 (1991); see Larry v. Branker, 552 F.3d 356, 368 (4th Cir. 2009); Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998).

"[T]he question of where [Lewis] served [his] sentence, whether in prison or in a local jail, [is] a matter of state law, and . . . not . . . the basis for a federal constitutional claim." Freeman, 2025 WL 1317374, at *3; see, e.g., Olim v. Wakinekona, 461 U.S. 238, 245, 248–50 (1983); Meachum v. Fano, 427 U.S. 215, 224–25 (1976). Moreover, to the extent Lewis's transfer to a prison subjected him to harsher conditions of confinement, he must seek relief in a civil rights suit. See, e.g., Wilkinson v. Austin, 545 U.S. 209, 221–222 (2005); Wilborn v. Mansukhani, 795 F. App'x 157, 163 (2019) (per curiam) (unpublished); Hansley v. Ryan, 482 F. Supp. 2d 383, 385 (D. Del. 2007). Alternatively, Lewis's petition "is now moot because the alleged unlawful execution of [his] sentence has ceased." Hansley, 482 F. Supp. 2d at 386.

B.

In response to summary judgment, Lewis asserts for the first time that the state court violated the Fourteenth Amendment's Due Process Clause when it did not conduct a hearing on the transfer petition. See [D.E. 22] 4. Lewis's argument is entirely conclusory. See id. Moreover, "new claims for relief presented for the first time in response to a motion for summary judgment are not properly before the court." McDole v. Thompson, No. 5:17-HC-2120, 2018 WL 1545583, at *5 (E.D.N.C. Mar. 29, 2018) (unpublished); see Butler v. Daniels, No. 5:15-HC-2175, 2016 WL

6304687, at *3 (E.D.N.C. Oct. 27, 2016) (unpublished). In any event, Lewis fails to state a due process claim. See Olim, 461 U.S. at 248–49; Meachum, 427 U.S. at 226.

After reviewing the claim presented in Lewis's petition, the court finds that reasonable jurists would not find the court's treatment of Lewis's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

III.

In sum, the court GRANTS respondent's motion for summary judgment [D.E. 17], DISMISSES petitioner's petition for a writ of habeas corpus [D.E. 1], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 17 day of November, 2025.

JAMES C. DEVER III
United States District Judge